IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lance Hudson, #309376, | C/A No.: 1:13-1103-DCN-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Tim Riley, Warden of Tyger River Correctional Institution, | |
| Respondent. | |

Petitioner Lance Hudson is an inmate at the Tyger River Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #12, #13]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by August 15, 2013. [Entry #15]. Petitioner filed a timely response. [Entry #17].

After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

1

I.     Factual and Procedural Background

Petitioner and his longtime girlfriend (and mother of his 4 year old child) agreed to separate, with Petitioner to move to another residence on an agreed-upon departure date. On the departure date, Petitioner gagged his ex-girlfriend and bound her with duct tape before dragging her to the bathroom where he had filled the bathtub full of water. There, he held her head under water while her feet were up in the air, trying to kick to get loose. He returned her to the bedroom, where he beat her and raped her. The victim ultimately escaped to a neighbor's home and the police were called. The victim had injuries consistent with being beaten, and police found blood spatter, twine, pieces of duct tape, and a bath tub full of water at the home. Petitioner confessed to the police.

Petitioner waived presentment of indictment to the Richland County grand jury on the following charges: criminal sexual conduct in the 1st degree ("CSC 1st") (2005-GS-40-5833), assault and battery with intent to kill ("ABWIK") (2005-GS-46-5834), and kidnapping (2005-GS-40-5835) [Entry #13-1 at 141–146]. Petitioner was represented by Lanelle C. Durant, Esq., and on May 26, 2005, pled guilty to the charges before the Honorable L. Casey Manning, Circuit Court Judge. [*Id.* at 3–31]. Judge Manning sentenced Petitioner to concurrent terms of 18 years for CSC 1st, ABWIK, and kidnapping. [*Id.* at 31].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Aileen P. Clare of the South Carolina Commission on Indigent Defense, Division of Appellate Defense,

who filed an *Anders*[1] brief raising the following issue: "Was appellant's 18-year sentence unconstitutionally disproportionate?" [Entry #13-2 at 4]. Attorney Clare certified to the court that the appeal was without merit and asked to be relieved as counsel. [*Id.* at 8]. Prior to the filing of a final brief or *pro se* response to the *Anders* brief, Petitioner notified the Court of Appeals that he wished to waive and dismiss his direct appeal. [Entry #13-3]. On June 21, 2006, the Court of Appeals dismissed the appeal and issued its remittitur. [Entry #13-4].

Petitioner filed an application for post-conviction relief ("PCR") on September 22, 2006, in which he alleged ineffective assistance of counsel and involuntary guilty plea. [Entry #13-1 at 33–60]. A PCR evidentiary hearing was held before the Honorable J. Michelle Childs, then-Circuit Court Judge on December 17, 2008, at which Petitioner and his counsel, Trisha A. Blachette, Esq., appeared. [Entry #13-1 at 66–105]. On May 29, 2009, Judge Childs filed an order of dismissal. [Entry #13-1 at 115–118, 120–124]. Petitioner filed a Rule 59(a) and (e) motion to alter or amend [Entry #13-1 at 119, 125], and a hearing was held on the motion on July 28, 2009 [Entry #13-1 at 127–136]. On February 10, 2010, the PCR court filed an order denying the Rule 59 motion. [Entry #13-1 at 137–140].

---

[1] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

Petitioner filed a notice of appeal from the denial of PCR. Assistant Appellate Defender Elizabeth A. Franklin-Best of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal and on or about October 4, 2010, filed a petition for writ of certiorari [Entry #13-5] in the South Carolina Supreme Court raising the following issue: "Did plea counsel render ineffective assistance of counsel when she did not move to reconsider the sentence after petitioner's guilty plea, and when the plea judge clearly did not take into consideration petitioner's significant mitigating factors?" [*Id.* at 3].

The South Carolina Supreme Court transferred the PCR appeal to the South Carolina Court of Appeals. On July 10, 2012, the Court of Appeals denied the petition for writ of certiorari and dismissed the appeal. [Entry #13-7]. The remittitur was issued on July 27, 2012. [Entry #13-8].

Petitioner filed this federal petition for a writ of habeas corpus on April 18, 2013. [Entry #1-2 at 1].[2]

II.     Discussion

   A.     Federal Habeas Issues

Petitioner states the following two grounds in his habeas petition:

**Ground One:**     Indictments not filed pursuant to S.C. Code Ann. § 14-17-530(a) and Rule 3(c) S.C. Rules of Criminal Procedure.

---

[2] The petition was received by the court on April 22, 2013, and docketed on April 24, 2013. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope for the petition reflects it was deposited in the SCDC mailing system on April 18, 2013. [Entry #1-2 at 1].

>               Supporting Facts: The indictments for (kidnapping 2005-5835), (ABWIK 2005-5834), (CSC first degree 2005-5833) were not presented to or considered by the Richland County Grand Jury. This is a violation of due process covered by the 14th Amendment of the United States Constitution. See trial trans. (pg. 13 lines 14 thru 19). Waiver of presentment to the grand jury is not in compliance with S.C. Code Ann. § 17-23-130. None of the three have been filed (published) by the Clerk of Court with a time and date stamp to validate their existence.

**Ground Two:**      Petitioner was not given a mental evaluation by a psychiatrist in order to determine competency to stand trial.

>               Supporting Facts: The plea judge asked the appointed defense attorney if I was competent to enter a guilty plea. She is not qualified to give that determination. (See trial—trans pg. 5 lines 4 thru 22) and (pg. 7 lines 9 thru 12). Based on this point, my guilty plea was not given freely and voluntarily.

**Ground Three:**    Brady violation: I did not receive Rule 5 (Discovery) the State's evidence against me until after the conviction and in the custody of the South Carolina Department of Corrections.

>               Supporting Facts: My appointed trial counsel had me plead guilty without showing me the state's evidence against me. I was in prison about four months when I received it by mail. See PCR hearing trans (pg. 8 line 20 thru 25). That made a difference because the victim's medical report does not support a first degree rape charge. I wrote S.L.E.D. to get the DNA evidence for my case to find out testing had not been completed. That letter from S.L.E.D. is dated July 23, 2008; three years after my guilty plea. See Appendix (pg. 112).

[Entry #1 at 5–8].

    B.    Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

5

judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

C.   Analysis

1.   AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[3]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial

---

[3] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States

9

Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

2.     Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction became final "when his time for seeking review with the State's highest court expired."

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[4]

Petitioner pled guilty and was sentenced on May 26, 2005. [Entry #13-1 at 31]. Petitioner filed an *Anders* appeal directly with the Court of Appeals. However, shortly thereafter, Petitioner withdrew his appeal, and the Court of Appeals dismissed it on June 21, 2006. [Entry #13-4]. Petitioner did not petition to have his appeal reinstated. Petitioner's conviction became final on June 21, 2006, when the Court of Appeals dismissed the appeal at his request. *See Ham v. Padula*, 2007 WL 2119862 *7 (petitioner's state court convictions became final when the state court of appeals dismissed the appeal at petitioner's request (and sent the remittitur)); *see Gonzalez,* 565 U.S. ___, ___, 132 S.Ct. at 654 (rejecting use of remittitur dates in applying Section (d)(1)(A)).

Petitioner's filing of his PCR application on September 22, 2006, tolled the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). When Petitioner filed his PCR application, 93 days had elapsed, leaving 272 days within which Petitioner could timely

---

[4] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S.Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

file a federal habeas petition. The statute of limitations remained tolled until the Court of Appeals denied certiorari on July 10, 2012. The statute of limitations resumed on July 11, 2012, and expired 272 days later, on April 9, 2013. Petitioner did not file his habeas action until April 18, 2013—9 days after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

3. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this petition in no manner suggests that he diligently pursued his rights. Petitioner himself concedes that "the AEDPA statute of limitations began to run on June

12

22, 2006." [Entry #17 at 1]. However, Petitioner argues that the AEDPA clock should have been tolled when he deposited his PCR application with the Lee Correctional Institution's mail room on September 13, 2006, and not when it was filed with the Clerk of Court on September 22, 2006. *Id.* at 2. The law does not support Petitioner's argument.

Pursuant to South Carolina state law, the mailing of a PCR petition does not constitute filing for statute of limitations purposes. *Gary v. State,* 557 S.E.2d 662, 663 (S.C. 2001). Filing occurs when the PCR application is delivered to and received by the Clerk of Court. *Id.; see also (*"When a statute requires the filing of a paper or document, it is filed when delivered to and received by the proper officer.") (citing *Fox v. Union–Buffalo Mills,* 86 S.E.2d 253 (1955)). "Under S.C. Code Ann. § 17–27–40 (1985), the application must be filed with clerk of the court in which the conviction took place." *Id.*; *Pelzer v. State*, 662 S.E.2d 618, 620. *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

      b.  Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle him to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

September 3, 2013                             Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).